UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUMARO R. AGUILAR, § | | |
|     Plaintiff, § | | |
| § | | |
| v § | | Civil Action No. _____ |
| § | | |
| BOTTLING GROUP, LLC, § | | |
|     Defendant. § | | |

## DEFENDANT BOTTLING GROUP, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331, 1441(b)(1), and 1446, BOTTLING GROUP, LLC ("Defendant"), Defendant in the above-captioned lawsuit, removes this lawsuit from the County Court at Law No. 4 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support hereof, Defendant respectfully states as follows:

### I.    State Court Action

1.    On April 26, 2018, Plaintiff Gumaro R. Aguilar ("Plaintiff") filed his Original Petition[1] in the County Court at Law No. 4 of Hidalgo County, Texas and assigned cause number CL-18-1715-D on the docket of said Court. In this action, Plaintiff alleges claims of employment discrimination against Defendant under the Texas Labor Code § 21.001, *et seq*.

2.    Plaintiff served Defendant via certified mail on June 4, 2019.

3.    Therefore, this removal is timely filed within thirty (30) days of service under 28.U.S.C. § 1446(b)(1).

---

[1] Any reference to Plaintiff's Original Petition is made for the limited purpose only of illustrating the nature of Plaintiff's allegations, but without admitting to the truth of those allegations.

4846-6193-9865.2

## II.  Grounds for Removal – Diversity Jurisdiction

4. This case is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant may remove this case to this Court because Plaintiff does not plead an amount-in-controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendant, as more fully demonstrated below:

### A.  *Citizenship*

5. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff affirmatively pleads that he is a resident of Hidalgo County, Texas. *See* Pl.'s Orig. Pet. at ¶ 2.01. Therefore, upon information and belief, Plaintiff is domiciled in Texas.

6. Meanwhile, Defendant is a Delaware limited liability company with its principal place of business in White Plains, New York. For diversity purposes, "'a limited liability company . . . has the citizenship of its members.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The members of Bottling Group, LLC were, as of the filing of this action, Pepsi Bottling Holdings, Inc. ("PBH") and Bottling Group Holdings, Inc. ("BGH").

7. "For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *See* 28 U.S.C. § 1332(c). Both PBH and BGH are, as of the filing of this action, Delaware corporations. Additionally, BGH, as of the filing of this action was, and as of the date of this removal is, headquartered in White Plains, New York. PBH, as of the filing of this action was,

2

and as of the date of this removal is, headquartered in Purchase, New York. The directors and officers of PBH and BGH are located at the headquarters in White Plains, New York and Purchase, New York and from there, they direct, control and coordinate the activities of PBH and BGH on a day-to-day basis. As such, the principal place of business of PBH and BGH is White Plains, New York.

8. For the purposes of diversity jurisdiction, Plaintiff is a citizen of Texas while Defendant is a citizen of Delaware and New York. Accordingly, complete diversity exists between the parties.

B. *Amount-in-Controversy*

9. The amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. Although Plaintiff does not affirmatively plead that he seeks relief in a particular amount (*see gen.* Pl.'s Orig. Pet.),[2] this failure does not preclude removal. *See Felton v. Greyhound Lines, Inc.*, 324 F. 3d 771, 773 (5th Cir. 2003). Instead, the burden shifts to Defendant to establish this necessary amount. *Id.*

10. There are two (2) ways that Defendant can make such a showing: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).

11. Here, if Plaintiff prevails, the damages he could recover would easily exceed the $75,000 amount-in-controversy requirement for federal diversity jurisdiction.

12. Defendant terminated Plaintiff's employment on April 18, 2017. At the time of the termination, Plaintiff earned $31,907 per year. As such, assuming that Plaintiff has been

---

[2] Plaintiff's failure to plead a specific amount is in violation of Texas Rule of Civil Procedure 47(a). In consequence, Plaintiff may not conduct any discovery until he remedies this error. *See* Tex. R. Civ. P. 47.

4846-6193-9865.2

unemployed from April 18, 2017 to the present, he has approximately more than $63,814.00 in back wages alone.

13. To be sure, back wages is <u>not</u> the only form of damages that Plaintiff seeks. He also requests (exclusive of costs and interest): (1) past and future inconvenience, (2) past and future mental anguish, (3) reasonable expert fees; and (4) attorneys' fees. *See* Pl.'s Orig. Pet. at ¶¶7.01(a)-(i); 7.02.

14. In light of the back pay at issue along with the other damages Plaintiff seeks, he could obtain an amount in excess of the $75,000 amount-in-controversy prerequisite should he succeed in this lawsuit. *See Broussad v. Western South. Life Assurance Co.*, No. 07-02988, 2007 WL 9683693, at *1 (S.D. Tex. Nov. 30, 2007) (denying the plaintiff's motion to remand because if plaintiff were to prevail in her lawsuit, the total amount of damages she could recover would exceed the requisite amount-in-controversy requirement). Thus, the amount-in-controversy threshold is exceeded, and federal subject-matter jurisdiction exists.

C. *Venue*

15. Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the County Court at Law of Hidalgo County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. § 124(b)(7). *See also* 28 U.S.C. §§1391 and 1441(a), (b).

D. *State Court and Other Documents*

16. As required by 28 U.S.C. § 1446(a), copies of (i) the state court docket sheet, and (ii) all executed process, pleadings, and orders served on Defendants are attached to this Notice of Removal. *See* Index of Removal Documents attached hereto as Def.'s Ex. A.

17. Furthermore, immediately after filing this Notice of Removal, as required by 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing Notice of Removal to federal court with the County Court at Law No. 4 of Hidalgo County, Texas, a true and correct copy of which is attached hereto as Def.'s Ex. B.

18. Finally, a separately signed Certificate of Interested Persons is being filed contemporaneously with this Notice of Removal.[3]

## PRAYER

In accordance with the requirements set forth in 28 U.S.C. §§ 1331, 1441(b)(1), and 1446, Defendant respectfully requests that the United States District Court for the Southern District of Texas, McAllen Division, accept this Notice of Removal, that it assume jurisdiction of this lawsuit, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

---

[3] This Certificate of Interested Parties is also being filed contemporaneously with this Notice of Removal.

Respectfully submitted,

*/s/ Raymond A. Cowley*
**Raymond A. Cowley**
Attorney-In-Charge
SBN No. 9642
Texas State Bar No. 04932400
**DYKEMA GOSSETT PLLC**
1400 North McColl Road, Ste. 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile: (956) 984-7499
Email: rcowley@dykema.com

**Rea K. Ferandez**
SBN No. 1357837
Texas State Bar No. 24078496
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
Email: rferandez@dykema.com

**ATTORNEYS FOR DEFENDANT,
BOTTLING GROUP, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 17th day of June, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and served it on the following counsel of record via CM/ECF and First Class Mail.

Mr. Roberto D. Puente
LAW OFFICE OF ROBERTO D. PUENTE
214 North 16th Street, Suite 300
McAllen, Texas 78501
Email: coalaw956@yahoo.com

*/s/ Raymond A. Cowley*
Raymond A. Cowley

4846-6193-9865.2